A89A0213. PARSONS v. THE STATE.
(380 SE2d 87)

CARLEY, Chief Judge.
  Police officers observed appellant operating his vehicle in an erratic manner. After stopping appellant, the officers detected a strong odor of alcohol and noticed that appellant's eyes were bloodshot. Appellant was not, however, placed under formal arrest for driving under the influence. Instead, he was arrested for driving with a suspended license and driving left of the centerline. Appellant was given the implied consent warnings at the scene and then again at the police station. On both occasions, appellant agreed to take a State-administered breath test. The test was conducted 23 minutes after the initial stop and revealed that appellant's blood alcohol level was .20 grams percent. Appellant did not request an additional test. He was then placed under formal arrest for driving under the influence. After his arrest for driving under the influence, appellant was not again given the implied consent warnings.
  At a bench trial, appellant was found guilty of driving under the influence in violation of OCGA § 40-6-39 (a) (4). He appeals from the judgment of conviction and sentence entered on the trial court's finding of guilt.
  Appellant enumerates as error only the denial of his motion to suppress the results of his breath test. The contention is that the implied consent statute requires that the warnings be given *after* an arrest for driving under the influence. Since appellant was given the warnings prior to his arrest for driving under the influence and was never given the warnings after his arrest for that offense, he urges that the test results should have been suppressed. This interpretation of the implied consent statute was considered and rejected in *Davis v. State,* 187 Ga. App. 517, 518 (370 SE2d 779) (1988). "Though the officer arrested [appellant] for driving on the wrong side of the roadway [and for driving with a suspended license] rather than for violation of OCGA § 40-6-391, he had reasonable grounds to believe that [appel-

lant] had been driving while under the influence of alcohol. This coupled with the fact that [appellant] was arrested for an offense which arose out of acts committed while apparently driving under the influence of alcohol was sufficient to permit the trooper to implement the provisions of the implied consent statute." *Davis v. State,* supra at 519. The trial court correctly denied appellant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 16, 1989.

*Jones, King & King, David H. Jones,* for appellant.
*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., Ann M. Elmore, Lee Perkins, Assistant Solicitors,* for appellee.